IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| AMERICAN PROTECTION INSURANCE COMPANY, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 05 C 874 |
| AIRBORNE, INC., etc., | ) ) ) | |
| Defendant. | ) | |

MEMORANDUM

Airborne, Inc., now known as DHL Express, Inc. ("DHL"), has filed its Answer and Affirmative Defenses ("ADs") to the Amended Complaint ("AC") brought against it by American Protection Insurance Company ("AMPICO"). This memorandum is issued sua sponte to address what appear to be some problematic aspects of that responsive pleading.

To begin with, although DHL's counsel (unlike too many other lawyers) are meticulous in adhering to the formulation prescribed by the second sentence of Fed. R. Civ. P. ("Rule") 8(b) to get the benefit of a deemed denial, many of the Answer's applications of that disclaimer appear on their face to be troublesome. For example, just how can DHL disclaim knowledge and information sufficient to form a belief as to an insurance policy ("Policy") that was issued to it by AMPICO (see Answer ¶5)? And that problem appears to be multiplied in such paragraphs (again for example) as Answer ¶¶6 and 10 through 14.

Relatedly, if AMPICO's underwriting file containing its

complete Policy issued to DHL "was destroyed in the September 11, 2001 terrorist attacks on the World Trade Center in New York, New York" (AC ¶7), DHL will not be heard in good conscience to advance a Rule 12(b)(6) defense based on AMPICO's failure to have attached a complete copy of the Policy to the AC (AD 1). And again relatedly, more will be needed to determine whether and to what extent DHL will be able to rely on out-of-Policy practice to trump the express provisions of the Policy (see, e.g., Answer ¶¶17 and 18 and AD 2)--matters that obviously remain to be fleshed out in the future.

For the present, nothing by way of an amended pleading will be required of DHL. Instead the matters raised in this memorandum will be discussed at the status hearing previously set for 9 a.m. May 4, 2005.

                                                  _____
                                                  Milton I. Shadur
                                                  Senior United States District Judge

Date: April 26, 2005